No. 9428.

THE STATE, EX REL. KISER, v. ALVORD.

TAXATION.—*Mandate.*—*County Auditor.*—*County Clerk.*—*Decedents' Estates.*— A county auditor, for the purpose of procuring a mandate upon the clerk to compel him to permit an inspection and copy of the inventory of a decedent's estate, stated in his application that he had been informed that the property of the decedent for 1880 and previous years had been erroneously reported and assessed, and that he believed that the inventory contained material facts by which he could make the necessary correction of the tax duplicate.

*Held*, that the application was insufficient, under the law as it existed at the time—January 27th, 1881.

From the Noble Circuit Court.

*R. H. Lowry* and *H. G. Zimmerman*, for appellant.
*A. A. Chapin* and *R. P. Barr*, for appellee.

FRANKLIN, C.—This was a mandamus proceeding com-

menced by Kiser, as auditor, against Alvord, as clerk, of said county, for the purpose of compelling the clerk to permit him to inspect and copy certain papers filed in the said clerk's office. The alternate writ copied the substance of the verified application, and was demurred to by appellee, as the cause of action. The demurrer was sustained, and, over an exception of appellant, judgment was rendered for appellee for costs. And the cause comes to this court upon an assignment of error, that the court below erred in sustaining the demurrer to the complaint, and in rendering judgment on demurrer for appellee. The second error assigned is a kind of a corollary or adjunct to the first, and as it is not noticed in the briefs, we will pay no further attention to it.

The complaint substantially made the following allegations: That said appellant was auditor, and said appellee clerk, of said county. That it was the duty of said auditor to make all necessary or proper corrections on the tax duplicate of said county. "That he had been informed that the assessables and taxable property of one George C. Glatte, late of said Noble county, deceased, for the year 1880, and previous years, has been incorrectly reported by the proper person to the proper assessor, and that an erroneous return thereof has been made by such county assessor to the proper officers for the years aforesaid, and that he believes that the inventory of the said decedent's estate, on file in the office of the clerk of the Noble Circuit Court, contains material facts and evidence, by which he, as such auditor, may be enabled to make all such proper and necessary corrections on the tax duplicate of said county, of the returns of the assessables and taxable property of the said Glatte's estate for the year 1880, as may be by law required." That he, for the purpose aforesaid, on the 27th day of January, 1881, in writing, demanded of such clerk an inspection thereof, and permission to take a copy of the same; but that such clerk refused to permit him so to do, or to take any copy or inspect the same.

The demurrer states all the statutory causes as objections to

the complaint; but counsel have confined their arguments in their briefs to the fifth, that the complaint does not state facts. sufficient to constitute a cause of action.

The action was commenced by the relator in his fiduciary capacity, and not as an individual citizen and taxpayer of the county. The ruling of the court below, therefore, involves the relative duties and rights of the auditor upon this subject.

This proceeding was commenced January 27th, 1881. The new tax law was passed, and, by a declared emergency, went into force March 19th, 1881. The decision of the questions involved must, therefore, be controlled by the provisions of the Revised Statutes of 1876, the 145th section of which, vol. 1, p. 110, provides for the auditor adding to the assessment list any omitted tracts of land, and his requiring the assessor to ascertain and report to him the value thereof, or the auditor may himself ascertain the value and add the same to the list of real property. The 148th section provides that if the auditor is satisfied that the assessor has omitted any personal property, which it was his duty to return, such auditor may, if he deem it expedient, authorize and require such assessor to proceed to correct any error or omission which may have occurred, as aforesaid; but the assessor shall not reduce the amount assessed against any person in his former return.

The 146th section reads as follows: "The county auditor, if he shall have reason to believe, or be informed, that any person has given to the assessor a false or incorrect statement of his personal property, moneys, rights, credits, effects or stocks, or that the assessor has not returned the full value of any such assessables, required to be listed in the township, or has omitted and made an erroneous return of any such assessables, shall proceed, at any time before the final settlement with the county treasurer, to correct the duplicate and to charge such person with the proper amount of taxes thereon; to enable him to do which, he shall be invested with all the powers conferred on assessors by this act; and it shall be the duty of the auditor in all such cases, before making

the entry upon the duplicate, to notify such person that he may have an opportunity of showing that his statement, or the return of the assessor, was correct; and the county auditor shall, in all cases, file in his office a statement of the facts or evidence upon which he made such correction; but he shall in no case reduce the amount returned by the assessor without the written assent of the Auditor of State, given on the statement of facts submitted by the county auditor."

It will be observed that the auditor is invested with all the powers conferred on assessors in relation to this subject. Sections 47, 48, 49 and 50 of the assessment law, provide for the schedule of taxables that is to be made out by each taxpayer. Section 47 requires the assessor to determine and fix the fair cash value of all items of personal property; sections 48 and 49 provide for the form of the schedule; and section 50, that it shall be verified by the taxpayer that it contains a true, full and fair list of all his personal property. Section 51 provides that if any person shall refuse to make out and deliver to the proper assessor the statement required in sections 48 and 49, or shall refuse to take and subscribe the oath required, the assessor shall proceed to ascertain the number of the several articles of each description enumerated in said 49th section, the value thereof, the value of the personal property subject to taxation, other than such enumerated articles, and, to enable him to do so, he is hereby authorized to examine on oath any person whom he may suppose to have knowledge of the amount or value of the enumerated articles and personal property, which the person so refusing or neglecting was required to list.

Section 52 provides: "If any person who shall be required by the assessor to give evidence, as provided in the preceding section, shall refuse to be sworn by the assessor, or if, having been sworn, he shall refuse to answer such questions as the assessor shall put to him, touching the subject of enquiry, any justice of the peace of the county to whom the assessor shall make application therefor, shall summon such

The State, *ex rel.* Kiser, *v.* Alvord.

person to appear before him, at such time as the assessor shall designate, and answer, on oath, all pertinent questions which shall be put to him by the assessor touching the amount and value of the personal property, moneys and assessables, (other than real estate,) which the person required to list the same has neglected or refused to list."

Section 260 provides for the assessor placing upon the assessment and tax books omitted property for previous years, and for the auditor charging the arrearages of tax, with ten per cent. against such property.

The foregoing sections of our statute are all that we have been referred to, or have been able to find in relation to the duties and rights of the auditor upon this question.

The complaint in this case contains no averment that the auditor had been informed or believed, or that the fact existed, that the inventory of said decedent's estate, on file in said clerk's office, contained material facts and evidence, by which said auditor could make proper and necessary corrections on the tax duplicate of said county, of the returns of the taxable property of said Gratte's estate for the year 1880, by increasing the amount thereof to more than had been returned by the assessor or was then upon the duplicate.

And as the auditor had no power to correct the same by reducing the amount returned by the assessor, without the consent of the Auditor of State, we think the complaint for this reason, if for no other, ought to be held insufficient; that there was no error in the sustaining of the demurrer to it; and that the judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion that the judgment below be and the same is in all things affirmed, with costs.

Petition for a rehearing overruled.